Meredith Holley, OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JESSICA VANKIRK,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>HIDDEN VALLEY RANCH, INC., an Oregon corporation; HC RETAIL INC., an Oregon corporation; and ROSALINA DEATHERAGE dba HERBAL CHOICES,<br>    Defendants. | Case No.   6:21-cv-1067<br><br>COMPLAINT<br>(Pregnancy Discrimination – Title VII, Americans with Disabilities Act, FMLA, and Oregon law)<br><br><br>*Demand for Jury Trial* |

## INTRODUCTION

1.

Defendants run cannabis dispensaries along the Oregon Coast. Plaintiff Jessica VanKirk worked for them in various positions beginning in August 2019, consistently receiving promotions. When Ms. VanKirk told the Defendants she was pregnant, Defendant's HR Manager demoted her immediately, telling her that the

COMPLAINT – Page 1

pregnancy would not work for Defendants. Defendants fired Ms. VanKirk less than two weeks later.

## JURISDICTION AND VENUE

2.

This matter arises under federal law, 42 U.S.C. § 2000e and 42 U.S.C. § 12101. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3.

The events underlying Plaintiff's claims took place in Coos County, Oregon, making venue proper in the District of Oregon, Eugene Division.

## PARTIES

4.

Plaintiff Jessica VanKirk is a resident of Coos County, Oregon. Ms. Van Kirk is a woman.

5.

Defendant Hidden Valley Ranch, Inc. is an Oregon corporation with its principal place of business in Bandon, Oregon. Defendant is in the business of selling cannabis. Defendant has more than 50 employees in Oregon.

6.

Defendant HC Retail is an Oregon corporation with its principal place of business in Bandon, Oregon. Defendant is in the business of selling cannabis. Defendant has more than 50 employees in Oregon.

COMPLAINT – Page 2

7.

Upon information and belief, Defendant Rosalina Deatherage is an individual doing business as Herbal Choices in North Bend, Oregon. Defendant Deatherage is in the business of selling cannabis. Defendant has more than 50 employees in Oregon.

**FACTUAL ALLEGATIONS**

8.

In August 2019, Defendants hired Ms. Van Kirk to work part-time as a "budtender" at their Reedsport location. Throughout Ms. VanKirk's employment, she was paid under the entities, HC Retail Inc. and Hidden Valley Ranch, Inc.

9.

From August 2019 through June 2020, Defendants paid Ms. VanKirk as a 1099 worker. Defendants controlled her hours and the means and manner of the services she provided. Ms. VanKirk was not engaged in an independently established business at any time during her employment with Defendants.

10.

In October 2019, Defendants promoted Ms. VanKirk to working their new location in North Bend, Herbal Choices North Bend. About a month later, Ms. VanKirk was promoted again. Defendants paid her $13.25 per hour at the time of this promotion.

11.

In June 2020, Ms. VanKirk started running a fever. Her supervisor told Ms. VanKirk that, because of COVID-19, she needed to stay home for a week. Fevers and COVID-19 are serious health conditions.

12.

When Ms. VanKirk returned to work, Defendants moved her to an hourly W-2 position and reduced her pay to $12 per hour.

COMPLAINT – Page 3

13.

Around July 27, 2020, Ms. VanKirk learned she was pregnant and that her pregnancy was extremely high risk. Ms. VanKirk was very sick and forced to miss two days of work because of her medical condition. Ms. VanKirk's pregnancy was a physical impairment that substantially impacted her ability to eat, sleep, walk, stand, lift, bend, and other major life activities when she was experiencing extreme morning sickness.

14.

On August 4, 2020, Raushanna Byington, the HR Manager, called Ms. VanKirk in to work. She told Ms. VanKirk that due to Ms. VanKirk's pregnancy Defendants were reducing her hours and moving her back to 1099 worker status. HR Manager Byington said that Ms. VanKirk's pregnancy would affect the company's ability to function. She said that Ms. VanKirk's doctor's appointments and morning sickness would not work for them.

15.

Ms. VanKirk was upset and cried. Ms. VanKirk asked if it was because she was not doing a good job. HR Manager Byington told her that everyone was pleased with Ms. VanKirk's work but they were worried about her reliability during her pregnancy.

16.

Ms. VanKirk asked her if there was anything else she could do to maintain her position. HR Manager Byington said that Ms. VanKirk could either take the 1099 job or be fired. HR Manager Byington said that if Ms. VanKirk lost the pregnancy, or her situation changed, they would consider giving her back her intake position.

HR Manager Byington said that a pregnant woman working in intake would have a negative impact on business.

17.

After this, Ms. VanKirk was forced to take two days off because of morning sickness.

18.

On August 10, 2020, Ms. VanKirk returned to work in her demoted position. The position she was demoted to allowed fewer hours of work.

19.

Defendants hired a man to replace Ms. VanKirk in her previous position.

20.

On August 20, 2020, Ms. VanKirk received her first paycheck in her demoted position. Because Defendants were returning her to a 1099 position because of the pregnancy, Ms. VanKirk believed she would return to $13.25 per hour, which was the amount she made before she needed to take time off for symptoms of COVID-19. Upon receiving her paycheck, Ms. VanKirk learned that she was still making $12 per hour. Believing this was an error, she went into the office to speak with the office staff about her paycheck. Office staff confirmed her reduced wage, and she left.

21.

 On August 21, 2020, Defendants terminated Ms. VanKirk's employment.

22.

On September 23, 2020, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries.

COMPLAINT – Page 5

23.

On July 13, 2021, the Oregon Bureau of Labor and Industries issued Plaintiff a 90-day right to sue letter.

24.

Defendants' actions and inactions have caused Plaintiff wage loss and severe emotional distress, including humiliation, pain, sleeplessness, worry, anxiety during an already high-risk pregnancy, and other emotional traumas.

**FIRST CLAIM FOR RELIEF – TITLE VII**
**DISCRIMINATION BASED ON SEX**
**(AGAINST ALL DEFENDANTS)**

25.

Plaintiff repeats and realleges paragraphs 1-24 as though fully set forth.

26.

The Corporate Defendants violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq.,* in that, immediately upon Plaintiff notifying them she was pregnant, Defendants demoted her from a W-2 worker to a 1099 worker status and terminated her less than two weeks later.

27.

Defendants' actions and inactions have caused Plaintiff wage loss and severe emotional distress, including humiliation, pain, sleeplessness, worry, anxiety during an already high-risk pregnancy, and other emotional traumas, compensation for which is to be determined by a jury at trial.

28.

Under Title VII, 42 U.S.C. 2000e-2, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

## SECOND CLAIM FOR RELIEF – ORS 659A.030
### DISCRIMINATION BASED ON SEX
### (AGAINST ALL DEFENDANTS)

29.

Plaintiff repeats and realleges paragraphs 1-28 as though fully set forth.

30.

The Corporate Defendants violated ORS 659A.030 in that, immediately upon Plaintiff notifying them she was pregnant, Defendants demoted her from a W-2 worker to a 1099 worker status and then terminated her less than two weeks later.

31.

Defendants' actions and inactions have caused Plaintiff wage loss and severe emotional distress, including humiliation, pain, sleeplessness, worry, anxiety during an already high-risk pregnancy, and other emotional traumas, compensation for which is to be determined by a jury at trial.

32.

Plaintiff is entitled to prevailing party fees and reasonable attorney fees and costs under ORS 659A.885.

## THIRD CLAIM FOR RELIEF – AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION
### (AGAINST ALL DEFENDANTS)

33.

Plaintiff repeats and realleges paragraphs 1-32 as though fully set forth.

34.

Defendants violated the Americans with Disabilities Act, 42 USC § 12101, *et seq.*, in that, immediately upon Plaintiff notifying them she was pregnant with a high-risk pregnancy, causing substantial physical or mental impairment that impacted many major life activities, qualifying her as a person with a disability, Defendants

COMPLAINT – Page 7

demoted her from a W-2 worker to a 1099 worker status and then terminated her less than two weeks later.

35.

Defendants' actions and inactions have caused Plaintiff wage loss and severe emotional distress, including humiliation, pain, sleeplessness, worry, anxiety during an already high-risk pregnancy, and other emotional traumas, compensation for which is to be determined by a jury at trial.

36.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 12205.

**FOURTH CLAIM FOR RELIEF – ORS 659A.112**
**DISABILITY DISCRIMINATION**
**(AGAINST ALL DEFENDANTS)**

37.

Plaintiff repeats and realleges paragraphs 1-36 as though fully set forth.

38.

Defendants violated ORS 659A.112 in that, immediately upon Plaintiff notifying them she was pregnant with a high-risk pregnancy, causing substantial physical or mental impairment that impacted many major life activities, qualifying her as a person with a disability, Defendants demoted her from a W-2 worker to a 1099 worker status and then terminated her less than two weeks later.

39.

Defendants' actions and inactions have caused Plaintiff wage loss and severe emotional distress, including humiliation, pain, sleeplessness, worry, anxiety during an already high-risk pregnancy, and other emotional traumas, compensation for which is to be determined by a jury at trial.

COMPLAINT – Page 8

40.

Plaintiff is entitled to prevailing party fees and reasonable attorney fees and costs under ORS 659A.885.

**FIFTH CLAIM FOR RELIEF – FAMILY MEDICAL LEAVE ACT**
**MEDICAL LEAVE RETALIATION**
**(AGAINST ALL DEFENDANTS)**

41.

Plaintiff repeats and realleges paragraphs 1-40 as though fully set forth.

42.

Defendants violated 29 U.S.C. § 2601 in retaliating against Plaintiff for taking medical leave for a serious health condition in one or more of the following:

a) In demoting Plaintiff after she needed time off because of symptoms of COVID-19;

b) In that, after Plaintiff needed medical leave for morning sickness related to a high-risk pregnancy, which is a serious health condition, Defendants demoted Plaintiff to a 1099 worker position with fewer hours than her previous position; and/or

c) In that, after Plaintiff needed medical leave for morning sickness related to a high-risk pregnancy, which is a serious health condition, Defendants terminated Plaintiff's employment less than two weeks later.

43.

Plaintiff is entitled to lost wages, salary, benefits, and other compensation; liquidated damages; equitable relief as determined by the court; and reasonable attorney fees and costs under 29 U.S.C. § 2617.

**SIXTH CLAIM FOR RELIEF – ORS 659A.183**
**MEDICAL LEAVE RETALIATION**
**(AGAINST ALL DEFENDANTS)**

44.

Plaintiff repeats and realleges paragraphs 1-43 as though fully set forth.

45.

Defendants violated ORS 659A.183 in retaliating against Plaintiff for taking

medical leave for a serious health condition in one or more of the following:

d) In demoting Plaintiff after she needed time off because of symptoms of
   COVID-19;

e) In that, after Plaintiff needed medical leave for morning sickness related to
   a high-risk pregnancy, which is a serious health condition, Defendants
   demoted Plaintiff to a 1099 worker position with fewer hours than her
   previous position; and/or

f) In that, after Plaintiff needed medical leave for morning sickness related to
   a high-risk pregnancy, which is a serious health condition, Defendants
   terminated Plaintiff's employment less than two weeks later.

g)

Plaintiff is entitled to back pay, prevailing party costs, and reasonable attorney fees

and costs under ORS 659A.885.

_____

WHEREFORE, Plaintiff Jessica VanKirk prays for judgment against

Defendants as follows:

a. Economic damages in the form of lost wages in an amount to be
   determined at trial;

COMPLAINT – Page 10

b.  Fair and reasonable compensatory damages to be determined at the time of trial;

c.  Prevailing party fees and reasonable attorney fees and costs incurred herein under ORS 659A.885, 42 U.S.C. § 2000e-2, 29 U.S.C. § 2617, and 42 USC § 12205;

d.  Just and equitable relief as determined by the Court; and

e.  Pre- and post-judgment interest thereon.

DATED this 19th day of July, 2021.

Meredith Holley, OSB #125647
Meredith@ErisResolution.com
LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff

COMPLAINT – Page 11